OPINION of the Court, bv
Ch. J. Boyle_
din filed his bill against Starling and Davis, alleging .rut ne was possessed or two certain tracts of land, for which he held the legal title, and that they set up claim to a part thereof, and praved that they might be com-polled to release to him. Davis appeared, and being a citizen of the state of Virginia, the cause was on his pe-iition removed to the United States district court, but that court disclaiming jurisdiction, the cause was re- *520 rnandec!, and Davis failing to answer, the bill was taken f°r confessed as to him. Starling answered, exhibiting an entry, survey and patent, in the name of Davis, which he admitted interfered with Hardin’s claimy and to an undivided moiety of which he set up title by purchase ^rom Havis, and called upon Hardin to answer. Hardin replied, affirming that the matters and things contained in the bill were true, and denying that the matters an(j things contained in Starling’s answer were ° ° true.
An dder grant accompanied by pot-feiTion is a fuf-fit lent equity on behair of a kfs the defendant shews 3
ant shews no equitable title withindth<-yelS <⅛ grant iet up by com-piamant, ^a de. fendant release all claim to the lands withm grant is fuffici-ent, without giving the bounds of the defendant's Jaimtobe re-
a bill to quiet the ti-£*f ’ a** ,.releaf! the time or rendering the decreet ,f ^ is fendant had acJ quired a title between filing the time of the decree, he *boullJ ^fPPh amend^hit *b-swer sad bring the title thus acquired before the court.
*520 On a final hearing, the court below decreed that S tar-j¡ng an(f £)av‘IS should severally release to Hardin, ait their right, title, interest and claim, in, and to the two tracts of land in the bill mentioned : to which decree Starling and Davis have prosecuted this writ of error.
1st. It is objected that the bill was improperly taken for confessed against Davis, there being no proof of the publication, &C.
To this objection it is a sufficient answer that-Davis had appeared. To warn him of the pendency of the SL¡‘lt was the 0bject 0f the publication, and his appearance entered of record conclusively shews that object to have been attained. After he had appeared, to require pr0of of the publication warning him to appear, would he preposterous and absurd.
2dly. It is objected that the cause was improperly brought to a hearing, first because the bill was not regularly taken for confessed as to Davis ; secondly, because there was no survey made or returned in the cause . thirdly, because Hardin had not responded to Starling’s answer; and fourthly, because the suit was neither in form nor substance set for hearing. Neither these reasons seems sufficient to sustain the objection. So far as the irregularity complained of with respect to taking the bill for confessed, is* supposed to consist in want of proof of publication, it has already been sufficiently shewn to be without foundation, end in no other respect is” there any irregularity pointed out by the assignment of error. It was indeed stated argument that there ought to have been a rule given for Davis to answer before the bill could be taken for confessed. The law however does not require sulT a tule to be given, and the only benefit resulting from giving it would be to gain time. But in this *521 cuse there was no reason to complain for want oí time. Almost four ye »rs from the time when Davis appeared and presented his petition for the removal of the cause to the federal court, and nearly two vears from the time when the cause was remanded hat! elapsed before the bill was-taken for confessed. A failure to answer for such a lapse of time after an appearance, evinces such gross neglect as is equivalent to au absolute refusal. With regard to the survey it is but matter of evidence, and the want of it could in no possible manner asfect Cite.regularity of bringing the cause to a hearing.
As to Hardin’s not having responded to Starling’s answers, the record does not in strict propriety justify the assertion. lie did respond, his response was indeed a general one and not upon oath, and if in either of these respects an exception had been taken to it in proper time, the objection would have been sufficient. But Starling having gone on to the final hearing of the cause without having taken any1 exception to the response made bv Hardin to his answer he has therehv waived his right to do so.
With respect to the cause not having been set for hearing, it is sufficient to remark that prior to the time when the suit was heard the rule docket had been abolished, and the cause having been at issue when it was transferee! under the act of assembly to the court docket, did at the second term thereafter, when it was decided, stand for hearing by operation of law without any rule or order for that purpose.
3diy. It is obiected that the decree is erroneous upon the merits. Various positions are assumed in support of this objection. • Such of them as are deemed, material will be noticed, without however attending to the order in which they are placed in the assignment of error.
It is urged that the decree is erroneous, because the complainant has not shewn himself in equity entitled to the Und by a valid entry and a corresponding survey. This position assumes it as a principle that one cannot in equity be entitled to land without a valid entry and corresponding survey ; but this principle cannot be considered to be correct. A patent, when not fraudulently obtained, and in the present case there is *522 no suggestion of fraud, not only conveys a legal but -aa equitable right to the patentee, and in a contest with those who have no title either at law or in equity, originating anterior to the patent, no other evidence of title need be produced by him. It is further urged that the decree is erroneous, there being no surveyor’s report to identify the land claimed by the complainant. But the identity of the land was not in dispute. It was admitted by the defendants that the complainant had the legal title to, and was in possession of the tw<S tracts of land claimed by him, and that their claim interfered therewith.
These are all the material facts alleged in the bill, and all that were necessary for the complainant to prove to sustain his claim. Had these facts been denied, to demonstrate their existence a survey might have been necessary, but as they were admitted proof of their existence by a survey or otherwise would have been superfluous. It is also urged that a survey was necessary, because as the parties claimed under adverse titles, and as there was an interference only in part, the shape, locality and quantity of the interference could not be shewn without a survey. We cannot however perceive the'necessity of ascertaining these objects. A release from the defendants of all their claim to the land contained in the boundaries of the complainant’s two tracts, would be good and binding upon them only for so mufti of their claim as was thus contained in those tracts. The defendants having utterly failed to establish their claim in any part, the complainant was entitled to a decree lor the whole interference, and its particular figure, quantity, or locality was wholly immaterial.
Again, it is contended the decree is erroneous in requiring the defendants to release the whole of their interest.in the two tracts claimed fay the complainant, containing three thousand acres, when it is not suggested in the bill that they claim more than about fifteen hundred acres.
It is impossible to imagine how the decree , can >n this respect be prejudicial to the defendants. The complainant alleges his right to the two tracts, and although he does not suggest that the defendants claim more than about 1500 acres, yet he does not pretend *523 to state precisely what quantity, and calls upon them to answer whether they do not claim the two tracts, “ or some part thereof, what part, and by virtue of what title ?” If they therefore had title to any part, whether more or less than 1500 acres, they ought to have set it forth, and if they had no title the decree cannot operate injuriously to them. Finally it is contended that the decree is erroneous, because it is general for the whole of the interest claimed by either of the defendants at the time of pronouncing the decree, when the only claim in controversy was that set up before the commencement of the suit to which the decree ought to have been confined, without embracing any other after acquired claim.
It is believed that in this respect the decree does not differ from the usual style of entering decrees of the-same kind. If the defendants had acquired any a dr ditional claim before the decree was pronounced, they might upon a proper application have been permitted io have exhibited it and used it in their defence ; and none such being exhibited, we must take it for granted that none such exists.
The decree must therefore be affirmed with costs.